UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KARA W.,[1] | : | Case No. 2:24-cv-4294 |
| Plaintiff, | : : | District Judge Algenon L. Marbley |
| vs. | : : | Magistrate Judge Peter B. Silvain, Jr. |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : | |
| Defendant. | : : | |

**REPORT AND RECOMMENDATIONS**[2]

Plaintiff Kara W. brings this case challenging the Social Security Administration's denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The case is before the Court upon Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #11), and the administrative record. (Doc. #7).

**I.      Background**

The Social Security Administration provides DIB and SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

In the present case, Plaintiff protectively applied for benefits in September 2021, alleging disability beginning on July 1, 2021, due to several impairments, including bipolar disorder, social anxiety disorder, post- traumatic stress disorder, and carpal tunnel syndrome. (Doc. #7-6, *PageID* #490).  After Plaintiff's applications were denied initially and upon reconsideration, she requested and received an online video hearing before Administrative Law Judge (ALJ) Jason P. Tepley on May 15, 2024.  (Doc. #7-2, *PageID* #s 59-95).  Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[3]  He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful activity since June 1, 2021, the alleged onset date. |
| Step 2: | She has the following severe impairments: history of opioid use disorder; bipolar disorder; major depressive disorder; generalized anxiety disorder; post-traumatic stress disorder; bilateral carpal tunnel syndrome, status post release surgery; neuropathy; and right knee ACL and meniscal tear, status post- surgical repair. |
| Step 3: | She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity ("RFC"), or the most she can do, despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work… except limited to frequent use of foot pedals with the right lower extremity; Occasional climbing ramps/stairs, stooping, kneeling, crouching, crawling; No climbing ladders/ropes/scaffolds; Frequent handling, fingering, and feeling with the bilateral upper extremities; occasional exposure to vibration; no exposure to moving mechanical parts or unprotected heights. No commercial driving. She is able to understand, remember, and carry out simple tasks; with occasional interaction with coworkers and supervisors, but no interaction with the general public; can make simple work-related decisions; can deal with occasional changes in a routine work setting explained in advance; can |

---

[3] The remaining citations will identify the pertinent DIB Regulations with full knowledge of the corresponding SSI Regulations.

|  |  |
|---|---|
|  | perform no work that requires satisfaction of production quotas or involves assembly line pace." |
|  | She has no past relevant work. |
| Step 5: | Considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. |

(Doc. #7-2, *PageID* #s 42-51). Based on these findings, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from July 1, 2021, though the date of the decision, June 25, 2024. *Id.* at 52.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 40-52), Plaintiff's Statement of Errors (Doc. #9), and the Commissioner's Memorandum in Opposition (Doc. #11). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. Discussion

In her sole assignment of error, Plaintiff argues that the ALJ's RFC determination failed to account for her marked social interaction limitation with respect to Plaintiff's ability in a work setting. (Doc. #9, *PageID* #s 4521-25). Plaintiff contends that the social interaction limitations that the ALJ included in Plaintiff's mental RFC are "more consistent with a limitation to moderate social interaction limitations, and therefore, does not adequately represent [her] serious limits in social interaction." *Id.* at 4522.

The Commissioner contends that the ALJ properly considered the record as a whole, evaluated Plaintiff's subjective allegations and the opinion evidence in accordance with the appropriate regulations, and found that Plaintiff could perform work existing in significant numbers in the national economy. (Doc. #11, *PageID* #s 4531-36).

An individual's RFC "is the most [Plaintiff] can still do despite [Plaintiff's] limitations." 20 C.F.R. § 404.1545(a)(1); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009). The Social Security regulations, rulings, and Sixth Circuit precedent provide that the ALJ is charged with the final responsibility in determining a claimant's RFC. *See, e.g.*, 20 C.F.R. § 404.1527(d)(2) (the final responsibility for deciding the residual functional capacity "is reserved to the Commissioner"); 20 C.F.R. § 404.1546(c) (if the claimant's case is at the ALJ hearing level,

4

the ALJ is responsible for assessing his RFC); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."). The ALJ's RFC assessment must be based on all the relevant evidence in the case record. 20 C.F.R. § 404.1545(a). Further substantial evidence must support the ALJ's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010) (Hogan, M.J.).

In formulating Plaintiff's mental RFC, ALJ Tepley considered the opinion of state agency psychologist, Karla Delcour, Ph.D., who reviewed Plaintiff's records on February 28, 2022. (Doc. #7-2, *PageID* #50) (citing Doc. #7-3, *PageID* #s 115-16).  Dr. Delcour found that Plaintiff had mild limitations in understanding, remembering, and applying information; and moderate limitations in interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself. *Id*.

Dr. Delcour found that, in the area of social interaction, Plaintiff's ability to interact with the general public was moderately limited; all other social interaction areas were "Not Significantly Limited." *Id.* at 116.  Dr. Delcour explained that Plaintiff "can work in a setting where interactions with the public are superficial[ ] and occasional." *Id.*

Additionally, the ALJ considered the opinion of state agency psychologist, Jennifer Swain, Psy.D., in his formulation of Plaintiff's mental RFC. (Doc. #7-2, *PageID* #50, citing Doc. #7-3, *PageID* #s 127-28). Dr. Swain reviewed Plaintiff's file upon reconsideration on August 22, 2022, and affirmed Dr. Delcour's assessment. *Id.*

ALJ Tepley found the prior administrative medical findings of Dr. Delcour and Dr. Swain to be "persuasive to the extent [their assessment] finds the claimant to have mild-to-moderate

limitations." (Doc. #7-2, *PageID* #50). The ALJ held that Dr. Delcour's and Dr. Swain's findings were supported by specific evidence in the record. *Id.* Furthermore, the ALJ explained that they were "consistent with the overall record, including examination findings consistently indicating that Plaintiff was alert and oriented with good eye contact and cooperative behavior." *Id.* However, the ALJ noted that Dr. Delcour and Dr. Swain used "non-policy compliant language," including "superficial" and "little." *Id.* The ALJ determined that the limitation to superficial interactions, "to the extent it connote[d] greater limitations, [was] not consistent with the overall record, including Plaintiff's ability to utilize public transportation and live in sober living with roommates." *Id.* Accordingly, he "used more specific, vocationally defined and policy compliant terms to express the limitations," including the social interaction limitations of no contact with the public and occasional contact with coworkers and supervisors. *Id.*

Plaintiff argues that even though the ALJ declared that he was substituting vocationally relevant terms for those undefined words, his restrictions were still more akin to moderate social interaction limitations, thus not reflective of ALJ Tepley's finding when assessing the paragraph B criteria that Plaintiff had a marked limitation in social interaction. (Doc. #9, *PageID* #4525, citing to Doc. #7-2, *PageID* #50).

Plaintiff's argument is not well-taken. While Plaintiff contends that the ALJ failed to incorporate social interaction limitations that were consistent with a marked limitation, Plaintiff has not pointed to any opinion or record evidence that clearly contradicts the ALJ's social interaction limitations contained in Plaintiff's mental RFC. In fact, ALJ Tepley found that Plaintiff had even greater deficits in social interaction than Dr. Delcour and Dr. Swain appeared to have found and accommodated these by limiting her to no interaction with the public and only

occasional interaction with coworkers and supervisors. (Doc. #7-2, *PageID* #50); *but see* Doc. #7-3, *PageID* #s 115-16, 127-28. In other words, ALJ Tepley's social interaction limitations were the most limiting social interaction limitations found in the record. Furthermore, the ALJ provided explanations for why he did not find any additional social interaction limitations for Plaintiff, pointing to record evidence that Plaintiff utilized public transportation and lived with roommates during her stay at a sober living program. *Id*. at 50. ALJ Tepley pointed out that Plaintiff reported missing the sober living program, "suggesting a comfort and ability to be around known individuals." *Id*. at 47.

Additionally, ALJ Tepley appropriately considered nonmedical evidence such as Plaintiff's daily activities as reported in her functional report when he formulated social interaction limitations for Plaintiff's RFC. *Markesha D. v. Comm'r of Soc. Sec.*, No. 2:21-CV-4515, 2022 WL 1701915, at *5 (S.D. Ohio May 27, 2022), (Vascura, M.J.) *report and recommendation adopted*, No. 2:21-CV-4515, 2022 WL 4094511 (S.D. Ohio Sept. 7, 2022) (Sargus, D.J.) (citing SSR 96-8P, 1996 WL 374184, at *7). Specifically, the ALJ noted that Plaintiff's daily activities included "social activities in person, on the phone, via text, video chat, and email." (Doc. #7-2, *PageID* #48). The ALJ indicated that these social interactions "strongly suggest[ed], despite the severity of [Plantiff's] allegations, especially regarding her ability to socialize, that [Plaintiff] is more capable than she now indicates." *Id*.

Finally, Plaintiff does not point to unassessed evidence within the record or make argument as to what limitations would better account for Plaintiff's social interaction limitations. *See* 20 C.F.R. § 404.1512 (explaining Plaintiff has the evidentiary burden of proof in the case); *Hoffman-Shaw v. Comm'r of Soc. Sec.*, No. 2:18-CV-836, 2019 WL 1986521, at *10 (S.D. Ohio May 6,

2019) (Vascura, M.J.), *report and recommendation adopted*, No. 2:18-CV-836, 2019 WL 2617561 (S.D. Ohio June 26, 2019) (Morrison, D.J.) (finding no error in the ALJ's RFC assessment when Plaintiff failed to "point to any evidence that would support additional RFC restrictions."). Therefore, under the substantial evidence standard, the undersigned cannot disturb the ALJ's findings by combing the record for evidence of a more restrictive limitation when the ALJ sufficiently explained and supported the social interaction limitations in his RFC assessment with substantial evidence. *See Blakely*, 581 F.3d at 407. Accordingly, Plaintiff's statement of error is not well taken.

Based on the foregoing, it is **RECOMMENDED** that the Court **AFFIRM** the Commissioner's decision.

### IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's non-disability finding be **AFFIRMED**; and

2. The case be terminated on the Court's docket.


December 30, 2025                                         *s/ Peter B. Silvain, Jr.*
                                                          Peter B. Silvain, Jr.
                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).