**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KARA W.,** | : | **Case No. 2:24-cv-04294** |
| | : | |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Peter B. Silvain, Jr.** |
| **COMMISSIONER OF SOCIAL** | : | |
| **SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

**<u>OPINION & ORDER</u>**

This matter is before this Court on Plaintiff Kara W.'s Objection (ECF No. 13) to the

Magistrate Judge's December 30, 2025, Report and Recommendation ("R&R"). (ECF No. 12).

Upon independent review and for the reasons stated below, the R&R (ECF No. 12) is

**ADOPTED**, Plaintiff's Objection (ECF No. 13) is **OVERRULED**, and this Court **DIRECTS**

the Clerk of Court to **TERMINATE** this case.

## I.     BACKGROUND

In September 2021, Plaintiff Kara W., applied for Disability Insurance Benefits ("DIB")

and Supplementary Security Income ("SSI"). (ECF No. 12 at 2). Plaintiff alleged that her disability

began on July 1, 2021, and was caused by bipolar disorder, social anxiety disorder, post-traumatic

stress disorder, and carpal tunnel syndrome. *Id.* Plaintiff's applications were initially denied. *Id.*

Plaintiff requested a hearing before Administrative Law Judge ("ALJ") Jason P. Tepley, which

was held on May 14, 2024. *Id.*

On June 25, 2025, the ALJ issued a decision, finding that Plaintiff does not meet the Social

Security Act's definition of disabled. (ECF No. 7-2 at 29). The ALJ's decision followed the five-

step sequential evaluation process outlined in the Social Security Regulations. *Id.* at 18–19; 20

1

C.F.R. §§ 404.1520, 416.920. Step one considers work activity, steps two and three assess medical severity, step four requires an evaluation of residual functional capacity (RFC), and step five examines RFC, age, education, and work experience to determine if the applicant can adapt to other work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The Magistrate Judge summarized the ALJ's determinations:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful activity since June 1, 2021, the alleged onset date. |
| Step 2: | She has the following severe impairments: history of opioid use disorder; bipolar disorder; major depressive disorder; generalized anxiety disorder; post-traumatic stress disorder; bilateral carpal tunnel syndrome, status post release surgery; neuropathy; and right knee ACL and meniscal tear, status post-surgical repair. |
| Step 3: | She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity ("RFC"), or the most she can do, despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work… except limited to frequent use of foot pedals with the right lower extremity; Occasional climbing ramps/stairs, stooping, kneeling, crouching, crawling; No climbing ladders/ropes/scaffolds; Frequent handling, fingering, and feeling with the bilateral upper extremities; occasional exposure to vibration; no exposure to moving mechanical parts or unprotected heights. No commercial driving. She is able to understand, remember, and carry out simple tasks; with occasional interaction with coworkers and supervisors, but no interaction with the general public; can make simple work-related decisions; can deal with occasional changes in a routine work setting explained in advance; can perform no work that requires satisfaction of production quotas or |

2

> involves assembly line pace." She has no past relevant work.

> Step 5:     Considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(ECF No. 12 at 2–3). Accordingly, the ALJ held that Plaintiff was not disabled between July 1, 2021, and June 25, 2024, the date of the decision. (ECF No. 7-2 at 29). Therefore, Plaintiff's application for benefits was denied. *Id.*

Plaintiff appealed from the decision, claiming that the ALJ's denial of her claim seeking Period of Disability, Disability Insurance Benefits, and Supplemental Security Income benefits was contrary to law and regulation. (ECF No. 6 at 1–2). The contentions in Plaintiff's complaint included that: (1) the ALJ improperly evaluated the evidence of the record; (2) the ALJ made an improper residual functional capacity determination; and (3) the ALJ's finding that Plaintiff could perform work existing in a significant number is not supported by substantial evidence. *Id.*

The Magistrate Judge recommended that the ALJ's non-disability finding be affirmed and the case be terminated. (ECF No. 12 at 8). The Magistrate Judge found that the ALJ appropriately considered the record as a whole, and the ALJ's findings regarding the social interaction limitations in the RFC assessment were sufficiently supported. *Id.* at 4–8.

Plaintiff objected, asserting that the ALJ failed to account for her marked social interaction limitation, the ALJ's findings were not supported by substantial evidence, and the ALJ's decision is impossible to review. (ECF No. 13 at 2–4). Based on this objection, the Plaintiff argued that the Magistrate Judge should reverse and award disability benefits, or, in the alternative, remand to the Commissioner for an appropriate consideration of the evidence under the law. *Id.* at 4. The Defendant, Commissioner of the Social Security Administration, filed a response to Plaintiff's

objections. (ECF No. 14). Defendant urged this Court to adopt the Magistrate Judge's recommendation, asserting that the Magistrate Judge adequately addressed all of Plaintiff's arguments, and this Court should affirm the denial of benefits and terminate the case. *Id.* at 1, 4.

## II.     STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Upon review, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also* Fed R. Civ. P. 72(b)(3).

Judicial review of the ALJ's decision requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F.Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). If the ALJ's decision is supported by substantial evidence, then "this Court defers to that finding even if there is substantial evidence in the record that would have supported the opposite conclusion. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quotation omitted).

An ALJ's failure to apply the correct legal criteria, including appropriate rules and regulations, will result in a reversal even if the decision is otherwise supported by the evidence in

the record. *Id.* at 407; *see also Bowen v. Comm'r of Soc. Sec.,* 741 F.3d 708, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)). Failure to follow the legal requirements "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Blakley*, 581 F.3d at 407 (quoting *Rogers*, 486 F.3d at 243).

### III.    LAW AND ANALYSIS

Plaintiff urges this Court to reject the Magistrate Judge's recommendation, reverse the claim, and award benefits. (ECF No. 13 at 4). In her objection, Plaintiff asserts that the ALJ's RFC determination was erroneous because the ALJ found Plaintiff was markedly limited in her ability to interact with others, and yet only limited her to occasional interactions with coworkers and supervisors. *Id.* at 3. Plaintiff objects because she finds the ALJ's determinations inconsistent. *Id.* Plaintiff states that at first, the ALJ found a moderate limitation "was equivalent to a limitation to occasional interaction." *Id*. Plaintiff argues that later, the ALJ implies that "a marked limitation was also equivalent to a limitation to occasional interaction." *Id.* Plaintiff claims that this discrepancy was the ALJ's responsibility to clarify, and therefore, it is impossible to adequately review the decision. *Id.* at 4. Plaintiff accordingly objects to the Magistrate Judge's recommendation that the denial of benefits be affirmed. *Id.* at 2.

This Court finds that the Magistrate Judge properly found that the ALJ applied the correct legal criteria, and his determinations were supported by substantial evidence. (ECF No. 12 at 4, 8. Someone's RFC is the most they can do despite their limitations. 20 C.F.R. § 404.1545(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002). At an administrative law judge hearing, the ALJ is responsible for assessing RFC. 20 C.F.R. § 404.1546(c). This assessment must be "based on all the relevant evidence" in the applicant's case record. 20 C.F.R. § 404.1545(a).

Here, the ALJ considered the whole record and adequately accounted for Plaintiff's social interaction limitations in his RFC determination. First, the ALJ noted Plaintiff's testimony that her anxiety was severe, and considered her treatment records, which stated that it was difficult for her to leave her home. (ECF No. 7-2 at 20). He also contemplated that her function report listed she walked or took the bus every day. *Id.* In addition, the ALJ found that Plaintiff lived in a sober living facility in a dorm setting with roommates and reported missing the facility. *Id.* at 20, 24; *see Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542–43 (6th Cir. 2007) (finding it is proper for ALJs to consider nonmedical evidence of plaintiff's daily activities and assess evidence for inconsistencies in establishing the plaintiff's RFC).

The ALJ also considered the opinion of state agency psychologist, Karla Delcour, Ph.D., who found that Plaintiff had mild-to-moderate limitations in interacting with others, and that she could perform work with occasional superficial interactions. (ECF No. 7-2 at 27). Additionally, the ALJ considered the opinion of another state agency psychologist, Jennifer Swain, Psy.D., who also found Plaintiff could work in a setting with superficial and occasional interactions with the public. *Id.* The ALJ found these opinions persuasive but explained that they used non-policy compliant language, like "superficial," and this non-compliant language demonstrated some inconsistency with the overall record. *Id.*; *see Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x. 267, 275 (6th Cir. 2015) (ruling that "there is no requirement that an ALJ adopt a state agency psychologist's opinion verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."); *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."). The ALJ considered these opinions along with the entire record, and used "more specific, vocationally defined and policy compliant" language to express Plaintiff's

limitations in his findings. (ECF No. 7-2 at 27); *see Modro v. Comm'r of Soc. Sec.*, 2019 WL 1986522, *8 (S.D. Ohio May 6, 2019) ("[T]he ALJ reasonably converted Dr. Sarver's findings into vocationally relevant terms.").

Therefore, based on the record, the ALJ found that although Plaintiff suffered from "significant impairment" in social interactions, Plaintiff did demonstrate that she was able to handle a work setting "with occasional interaction with coworkers and supervisors." *Id.* Accordingly, the ALJ found that, based on the record, Plaintiff's RFC was limited to no interaction with the general public, but that Plaintiff was able to interact occasionally with co-workers and supervisors. *Id.* The ALJ's determination was not erroneous because he applied the correct legal criteria, and the findings were supported by substantial evidence.

This determination of Plaintiff's social interaction limitations in the RFC assessment is not inconsistent with the ALJ's findings of Plaintiff's limitations. *See id.* at 20; *see Friend v. Comm'r Soc. Sec.,* 375 F.App'x 543, 553 (6th Cir. 2010) (unpublished) (concluding an RFC determination is supported where the ALJ "address[es] directly the reasons set forth" for the impairment and where the limitations accurately portray the applicant's condition). The ALJ found that Plaintiff had a marked social interaction limitation based on the record evidence that Plaintiff was unable to interact with the general public. (ECF No. 7-2 at 20). The ALJ made this finding based on evidence, including Plaintiff's severe anxiety and difficulty leaving the home. *Id.* Therefore, the ALJ limited the RFC determination to no interaction solely with the general public. *Id.* at 22. By contrast, the ALJ found based on the record that Plaintiff was able interact somewhat with known individuals, implying that Plaintiffs social interaction limitation with known individuals is more consistent with a moderate limitation. *Id.* at 24, 27. This finding was based on evidence including the Plaintiffs report that she missed living at a sober living facility with roommates and evidence

of social activities. *Id.* at 25, 26. The RFC findings reflected this by finding that Plaintiff was able to interact occasionally with supervisors and coworkers at work. *Id.* at 45. The ALJ's RFC findings are consistent because he accurately portrayed the Plaintiff's condition and appropriately tailored the RFC to the specific evidence in the record. *Friend*, 375 F.App'x at 553.

The ALJ did appropriately clarify and explain his reasoning for the RFC determinations of social interaction limitations. *See Tricia H. V. Comm'r of Soc. Sec.*, No. 2:23-CV-02090, 2024 WL 4010389, \*13–14 (S.D. Ohio Aug. 30, 2024), *report and recommendation adopted sub nom. Tricia H. v. Comm'r of Soc. Sec.*, No. 2:23-CV-2090, 2024 WL 4216493 (S.D. Ohio Sept. 17, 2024) (concluding that an ALJ's RFC evaluation was appropriate where the ALJ provided a summary of the relevant evidence and explained how they balanced and considered the evidence to make the plaintiff's RFC determination). The ALJ distinguished Plaintiff's ability to interact with the general public from her ability to interact with known individuals. *Id.* at 22, 24. This distinction was supported by substantial evidence in the record. The ALJ explained the finding of a marked social interaction limitation by noting that Plaintiff testified that she has severe social anxiety, and treatment records demonstrate that Plaintiff finds it difficult to leave her home. *Id.* at 20. The ALJ also explained that Plaintiff stated she had gotten off the bus when she believed there were too many people on. *Id.* at 22. However, the ALJ clarified that Plaintiff could occasionally interact with coworkers and supervisors, explaining that other evidence suggests "a comfort and ability to be around known individuals." *Id.* at 24. Distinguishing types of social interaction was appropriate because the ALJ found that Plaintiff responded differently to social interaction with known versus unknown individuals. *Id.* at 27. The ALJ reflected this determination in his findings and explained this reasoning in his decision. *Id.* at 19–28.

The applicant carries the burden of proving she is disabled.  20 C.F.R. § 404.1512(a). The Magistrate Judge correctly pointed out that Plaintiff failed to indicate any evidence that would support additional constraints on Plaintiff's social interaction limitations. (ECF No. 12 at 7–8); *Modro*, 2019 WL 1986522, *8 (finding that plaintiff's challenge lacked merit where they failed to "point to any evidence in the record that supports additional limitations"). Plaintiff also fails to specify any such evidence in her subsequent objection. (ECF No. 13). In fact, Plaintiff suggests that the evidence in the record, specifically the state agency psychologists' opinions, indicates that Plaintiff has only a moderate social interaction limitation, and that this limitation only supports a limit of occasional and superficial social interactions, nothing more constrained. *See id.* at 3. Plaintiff has not pointed to any evidence in the record that suggests she requires additional constraints on her social ability beyond limiting frequency to occasional social interactions.

This Court finds that the ALJ applied the correct legal standard and the ALJ's determinations are supported by substantial evidence. This Court finds no evidence that the ALJ's determinations were erroneous, inconsistent, or unexplained. Accordingly, this Court finds that the Magistrate Judge's recommendation to affirm the ALJ's findings, deny benefits, and terminate this case must be **ADOPTED**.

#### IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (ECF No. 13) is **OVERRULED**. This Court hereby **ADOPTS** the Magistrate

Judge's Report and Recommendation (ECF No. 12) and **DIRECTS** the Clerk of Court to **TERMINATE** this case.

       **IT IS SO ORDERED.**

 

 

**ALGENON L. MARBLEY**
**DATED:  March 11, 2026**        **UNITED STATES DISTRICT JUDGE**